# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

KATHERINE LOU HOBBINS FORESTER and
JAMES HOBBINS FORESTER,

Petitioners,

v.

**Case No. 26-CV-1287**

ADAM GEROL, et al.,

Respondents.

---

## ORDER

---

Katherine Lou Hobbins Forester and James Hobbins Forester jointly filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2241. Both are facing criminal charges in state court. *See* Waukesha Cnty Cir. Ct. Case Nos. 2026CF000171 (Katherine), 2026CF000172 (James), 2025CM002244 (Katherine), 2025CF001627 (Katherine); Washington Cnty Cir. Ct. Case Nos. 2025CF000463 (James), 2025CF000464 (Katherine).

The court applies the Rules Governing Section 2254 Cases to petitions under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases. Rule 4 requires the court to review a petition to determine if it is sufficient to proceed. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk

to notify the petitioner." Rule 4, Rules Governing Section 2254 Cases; *see also* Civ. L.R. 9(a)(2).

The petitioners submitted a 30-page single-spaced petition and roughly 1,200 pages of additional documents. They failed to use the court's standard form as required by Rule 2(d), Rules Governing Section 2254 Cases and Civil Local Rule 9(a)(1). Moreover, because their petitions arise from decisions of separate state courts, they must file separate petitions. Rule 2(e), Rules Governing Section 2254 Cases. And finally, because habeas corpus is an individual remedy, joint petitions are rarely permissible. *Borzych v. Bertrand*, 981 F. Supp. 1167, 1169 (E.D. Wis. 1997). Although there may be overlap and similarities, the petitioners' claims are distinct such that they must present them in their own petitions.

Each of these defects is a sufficient reason to dismiss the petition, although each is remediable through amendment. Amendment, however, would be futile because the petitioners have made no effort to exhaust their remedies in state court.

Although not explicitly required by statute, courts have repeatedly held that persons seeking relief from state custody under 28 U.S.C. § 2241 must nonetheless exhaust their remedies in state court before turning to federal court. *See Seger v. Illinois*, No. 25-CV-00334-SPM, 2025 U.S. Dist. LEXIS 94401, at *2-3 (S.D. Ill. May 16, 2025) (citing, in part, *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004)). Exhaustion, which requires a petitioner to present all claims to one complete round of review by the state courts (*e.g.*, the Wisconsin Circuit Court, the Wisconsin Court of Appeals, and the Wisconsin Supreme Court), *see O'Sullivan v. Boerckel*, 526 U.S.

838, 845 (1999), is required as a matter of comity to ensure proper respect for the states under the system of dual federalism. *See Boettcher v. Doyle*, 105 F. App'x 852, 854 (7th Cir. 2004); *Seger*, 2025 U.S. Dist. LEXIS 94401, at *2-3; *Johnson v. Sheriff*, No. 2:25-CV-81-PPS-AZ, 2025 U.S. Dist. LEXIS 42081, at *2 (N.D. Ind. Mar. 7, 2025). A petitioner's failure to exhaust is a sufficient reason to dismiss a § 2241 petition. *Dandridge v. Rivers*, No. 20 C 50035, 2020 U.S. Dist. LEXIS 117522, at *4 (N.D. Ill. July 1, 2020) (citing *Kane v. Zuercher*, 344 F. App'x 267, 269 (7th Cir. 2009)).

A petitioner arguing that attempting to exhaust would be futile "faces a heavy burden." *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004); *see also Richmond*, 387 F.3d at 604. The petitioner must prove that there is "no reasonable prospect" that he will obtain any relief through the state appeals process. *Gonzalez*, 355 F.3d at 1016-17.

The petitioners' arguments as to the alleged ineffectiveness of the state process and the extraordinary circumstances present are insufficient to merit the court setting aside the exhaustion requirement. Exhaustion requires petitioners to present every claim to the state courts in accordance with the state court's established procedures before turning to federal court for habeas relief. The petitioners having not exhausted their state court remedies, and no exception being present, the court must dismiss the petition.

**IT IS THEREFORE ORDERED** that the petitioners' petition for a writ of habeas corpus is denied and this action is **dismissed**. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that the petitioners' motions (ECF Nos. 2, 5) are **dismissed as moot**.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 Proceedings, and 28 U.S.C. § 2253(c), the court declines to issue a certificate of appealability.

Dated at Green Bay, Wisconsin this 28th day of July, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge
